UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>             Plaintiff,<br><br>v.<br><br>MIGUEL NUNEZ and GARY BAEZ<br>             Defendants. | **Docket No. 3:03CR122 (AVC)**<br><br>August 15, 2005 |

### MOTION FOR RETURN OF BAIL

The defendant, Gary Baez, by and through the undersigned counsel, hereby requests that the appearance bond posted in the amount of $5,000.00 on May 9, 2003 be returned to the defendant's mother, Yolanda Castanos. Ms. Castanos posted the appearance bond on defendant's behalf in the name of Yolanda Vazquez, her married name at that time. On April 1, 2004, the State of New York issued a judgment of divorce dissolving Ms. Castanos' marriage and authorizing her to resume use of her prior surname, Castanos. A copy of the judgment of divorce is attached for the Court's reference.

DEFENDANT GARY BAEZ

By: _/s/ Alfred U. Pavlis_
Alfred U. Pavlis (ct08603)
DALY & PAVLIS, LLC
107 John Street
Southport, CT 06890
(203) 255-6700

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion was sent via First Class Mail on this the 15th day of August, 2005, to the following counsel of record:

Mark Rubino, Esq.
Assistant U.S. Attorney
157 Church Street
New Haven, CT 06510

Officer Martha Newberry
United States Probation
U.S. District Court
450 Main Street
Hartford, CT 06103

_____
Alfred U. Pavlis

2

# EXHIBIT

At the *Matrimonial/IAS* Part 17
of New York State Supreme Court at
the Courthouse, Kings
County, on March 19, 2004

Present: **MAXINE L. ARCHER**
Hon. **SPECIAL REFEREE** *Justice/Referee*

-----------------------------------X

YOLANDA VAZQUEZ           Plaintiff,

-against-

MIGUEL VAZQUEZ            Defendant.

-----------------------------------X

Index No.: 46675/03
Calendar No.:
Social Security No.: 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

**JUDGMENT OF DIVORCE**

THE FOLLOWING NOTICE IS ☐ APPLICABLE  OR  ☑ NOT APPLICABLE

NOTICE REQUIRED WHERE PAYMENTS THROUGH SUPPORT COLLECTION UNIT

NOTE: (1) THIS ORDER OF CHILD SUPPORT SHALL BE ADJUSTED BY THE APPLICATION OF A COST OF LIVING ADJUSTMENT AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT NO EARLIER THAN TWENTY-FOUR MONTHS AFTER THIS ORDER IS ISSUED, LAST MODIFIED OR LAST ADJUSTED, UPON THE REQUEST OF ANY PARTY TO THE ORDER OR PURSUANT TO PARAGRAPH (2) BELOW. UPON APPLICATION OF A COST OF LIVING ADJUSTMENT AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT, AN ADJUSTED ORDER SHALL BE SENT TO THE PARTIES WHO, IF THEY OBJECT TO THE COST OF LIVING ADJUSTMENT, SHALL HAVE THIRTY-FIVE (35) DAYS FROM THE DATE OF MAILING TO SUBMIT A WRITTEN OBJECTION TO THE COURT INDICATED ON SUCH ADJUSTED ORDER. UPON RECEIPT OF SUCH WRITTEN OBJECTION, THE COURT SHALL SCHEDULE A HEARING AT WHICH THE PARTIES MAY BE PRESENT TO OFFER EVIDENCE WHICH THE COURT WILL CONSIDER IN ADJUSTING THE CHILD SUPPORT ORDER IN ACCORDANCE WITH THE CHILD SUPPORT STANDARDS ACT.

(2) A RECIPIENT OF FAMILY ASSISTANCE SHALL HAVE THE CHILD SUPPORT ORDER REVIEWED AND ADJUSTED AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT NO EARLIER THAN TWENTY-FOUR MONTHS AFTER SUCH ORDER IS ISSUED, LAST MODIFIED OR LAST ADJUSTED WITHOUT FURTHER APPLICATION BY ANY PARTY. ALL PARTIES WILL RECEIVE A COPY OF THE ADJUSTED ORDER.

(Form UD-11 - Rev. 5/99)

(3) WHERE ANY PARTY FAILS TO PROVIDE, AND UPDATE UPON ANY CHANGE, THE SUPPORT COLLECTION UNIT WITH A CURRENT ADDRESS, AS REQUIRED BY SECTION TWO HUNDRED FORTY-B OF THE DOMESTIC RELATIONS LAW, TO WHICH AN ADJUSTED ORDER CAN BE SENT, THE SUPPORT OBLIGATION AMOUNT CONTAINED THEREIN SHALL BECOME DUE AND OWING ON THE DATE THE FIRST PAYMENT IS DUE UNDER THE TERMS OF THE ORDER OF SUPPORT WHICH WAS REVIEWED AND ADJUSTED OCCURRING ON OR AFTER THE EFFECTIVE DATE OF THE ADJUSTED ORDER, REGARDLESS OF WHETHER OR NOT THE PARTY HAS RECEIVED A COPY OF THE ADJUSTED ORDER.

This action was submitted to ☒ *the referee* OR ☐ *this court* for ☒ *consideration* this _19_ day of _March 2004_ OR for ☐ *inquest* on this ____ day of _____.

The Defendant was served ☒ *personally* OR ☐ *pursuant to court order dated* _____ ☒ *within* OR ☐ *outside* the State of New York.

Plaintiff presented a ☐ *Verified Complaint and Affidavit of Plaintiff constituting the facts of the matter* OR ☒ *Summons With Notice and Affidavit of Plaintiff constituting the facts of the matter.*

The Defendant has ☐ *not appeared and is in default* OR ☒ *appeared and waived his or her right to answer* OR ☐ *filed an answer or amended answer withdrawing any prior pleadings and neither admitting nor denying the allegations in the complaint and consenting to the entry of judgment* OR ☐ *the parties settled the ancillary issues by* ☐ *written stipulation* OR ☐ *oral stipulation on the record dated* _____

The Court accepted ☐ *written* OR ☐ *oral* proof of non-military status.

The Plaintiff's address is _65 SUTTON ST. APT. 3L BROOKLYN NY_ and social security number is _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_. The Defendant's address is _65 SUTTON ST. APT. 3 BROOKLYN NY. 11222_, and social security number is _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_.

(Form UD-11 - Rev. 5/99)

⊕  Now on motion of __YOLANDA VAZQUEZ__, the • *attorney for Plaintiff* OR • *Plaintiff*, it is:

ORDERED AND ADJUDGED that the Referee's Report, if any, is hereby confirmed; and it is further

ORDERED, ADJUDGED AND DECREED that the marriage between __YOLANDA VAZQUEZ__, plaintiff, and __MIGUEL VAZQUEZ__, defendant, is hereby dissolved by reason of:

- (a) the cruel and inhuman treatment of • *Plaintiff by Defendant* OR • *Defendant by Plaintiff* pursuant to DRL §170(1); and/or

- (b) the abandonment of ⊗ *Plaintiff* OR • *Defendant* by • *Plaintiff* OR ⊗ *Defendant*, for a period of one or more years, pursuant to DRL §170(2); and/or

- (c) the confinement of • *Plaintiff* OR • *Defendant* in prison for a period of three or more consecutive years after the marriage of Plaintiff and Defendant, pursuant to DRL §170(3); and/or

- (d) the commission of an act of adultery by • *Plaintiff* OR • *Defendant*, pursuant to DRL §170(4); and/or

- (e) the parties having lived separate and apart pursuant to a decree or judgment of separation dated _____ for a period of one or more years after the granting of such decree or judgment, pursuant to DRL §170(5); and/or

- (f) the parties having lived separate and apart pursuant to a Separation Agreement dated _____ in compliance with the provisions of DRL §170(6); and it is further

(Form UD-11 - Rev. 5/99)

⊕   ORDERED AND ADJUDGED that • *Plaintiff* OR • *Defendant* OR

• *third party, namely:* _____ shall have custody of the minor child(ren) of the marriage, i.e.:

| Name | Date of Birth | Social Security No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

OR ⊗ *There are no minor children of the marriage*; and it is further

ORDERED AND ADJUDGED that • *Plaintiff* OR • *Defendant* shall have visitation with the minor child(ren) of the marriage • *in accordance with the parties' settlement agreement* OR • *according to the following schedule:* _____

_____
_____
_____
_____

OR ⊗ *Visitation is not applicable*; and it is further;

ORDERED AND ADJUDGED that the existing _____ County, _____ Court order(s) under • *Index No.* _____ OR • *Docket No.* _____ as to • *custody* OR • *visitation* OR • *maintenance* shall continue, and a copy of this judgment shall be served by • *Plaintiff* OR • *Defendant* upon the Clerk of the _____ County _____ Court within _____ days of its entry;

OR • *There are no court orders with regard to custody, visitation or maintenance to be continued*; and it is further

(Form UD-11 - Rev. 5/99)

○ ORDERED AND ADJUDGED that • *Plaintiff* OR ○ *Defendant* shall pay to • *Plaintiff* OR • *Defendant* OR • *third party, namely:*_____

us and for the support of the parties' unemancipated children, the sum of $_____ per _____, pursuant to an existing order issued by the _____ County, _____ Court, under • *Index* OR • *Docket* Number _____, the terms of which are hereby continued. • *Plaintiff* OR • *Defendant* shall serve a copy of this Judgment upon the Clerk of the _____ County, _____ Court within _____ days of its entry; OR • *There are no orders from other courts to be continued*; and it is further

ORDERED AND ADJUDGED that • *Plaintiff* OR • *Defendant* shall pay to • *Plaintiff* OR • *Defendant* the sum of $_____ • *per week* OR • *bi-weekly* OR • *per month* as and for maintenance commencing on _____ and thereafter on the _____ day of each • *week* OR • *bi-week* OR • *month* until _____; OR • *That there is no award of maintenance*; and it is further

ORDERED AND ADJUDGED that • *Plaintiff* OR • *Defendant* shall pay to • *Plaintiff* OR • *Defendant* OR • *third party, namely:* _____, as and for the support of the parties' unemancipated child(ren), namely:

| Name | Date of Birth |
|------|---------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

(Form UD-11 - Rev. 5/99)

the sum of $_____ • *per week* OR • *bi-weekly* OR • *per month*, commencing on _____, and to be paid • *directly to* • *Plaintiff* OR • *Defendant* OR • *third party, namely:*_____, OR • *through the* _____ *County Support Collection Unit located at* _____, together with such dollar amounts or percentages for • *child care* OR • *education* OR • *health care* as set forth below in accordance with • *the Court's decision* OR • *the parties' Settlement Agreement.* Such Agreement is in compliance with DRL §240(1-b)(h) because:

> The parties have been advised of the provisions of DRL Sec. 240(1-b); the unrepresented party, if any, has received a copy of the Child Support Standards Chart promulgated by the Commissioner of Social Services pursuant to Social Services Law Sec. 111-I;
> 
> the basic child support obligation, as defined in DRL Sec. 240(1-b), presumptively results in the correct amount of child support to be awarded, and the agreed upon amount substantially conforms to the basic support obligation attributable to the non-custodial parent;
> 
> the amount awarded is neither unjust nor inappropriate, and the Court has approved such award through the Findings of Fact and Conclusions of Law;
> 
> OR
> 
> The basic support obligation, as defined in DRL Sec. 240 (1-b), presumptively results in the correct amount of child support to be awarded, and the amount attributable to the non-custodial parent is $_____ per _____;
> 
> the amount of child support agreed to in this action deviates from the amount attributable to the non-custodial parent, and the Court has approved of such agreed-upon amount based upon the reasons set

(Form UD-11 - Rev. 5/99)

forth in the Findings of Fact and Conclusions of Law, which are incorporated herein by reference; and it is further

OR • *This provision is not applicable.* ✓

ORDERED AND ADJUDGED that • *Plaintiff* OR • *Defendant* shall pay to • *Plaintiff* OR • *Defendant* OR • *third party, namely:* _____ , the sum of $ _____ • *per week* OR • *bi-weekly* OR • *per month* as and for child care expenses, OR • as follows: _____

_____

_____

_____,

OR ⓪ *Not applicable*; and it is further

ORDERED AND ADJUDGED that • *Plaintiff* OR • *Defendant* shall pay to • *Plaintiff* OR • *Defendant* OR • *third party, namely:* _____ , the sum of $ _____ • *per week* OR • *bi-weekly* OR • *per month* as and for future reasonable health care, OR • as follows:

_____

_____

_____;

OR ⓪ *Not applicable*; and it is further

ORDERED AND ADJUDGED that • *Plaintiff* OR • *Defendant* shall pay to • *Plaintiff* OR • *Defendant* OR • *third party, namely:* _____ ; the sum of $ _____ • *per week* OR • *bi-weekly* OR • *per month* as and for • *present* OR • *future* AND • *post-secondary* OR • *private* OR • *special* OR • *enriched* education for the children, OR • as follows:

(Form UD-*- Rev. 5/99)

_____ ; OR ☑ *Not applicable*; and it is further

**ORDERED AND ADJUDGED** that • *Plaintiff* OR • *Defendant* is hereby awarded exclusive occupancy of the marital residence located at _____ _____, together with its contents until further order of the court, OR • as follows: _____ _____

_____ ; OR ☑ *Not applicable*; and it is further

**ORDERED AND ADJUDGED** that the Settlement Agreement entered into between the parties on the _____ day of _____, a • *copy* OR • *transcript* of which is on file with this Court and incorporated herein by reference, shall survive and shall not be merged into this judgment, and the parties are hereby directed to comply with all legally enforceable terms and conditions of said agreement as if such terms and conditions were set forth in their entirety herein, and this Court retains jurisdiction of this matter concurrently with the Family Court for the purposes of specifically enforcing such of the provisions of said Agreement as are capable of specific enforcement to the extent permitted by law with regard to maintenance, child support, custody and/or visitation, and of making such further judgment as it finds appropriate under the circumstances existing at the time application for that purpose is made to it, or both; and it is further

**ORDERED AND ADJUDGED** that a separate Qualified Medical Child Support Order shall be issued simultaneously herewith   OR •   Not applicable; and it is further

31  **ORDERED AND ADJUDGED** that, pursuant to the ☐ *parties' Settlement Agreement* OR ☐ *the court's decision,* a separate Qualified Domestic Relations Order shall be issued simultaneously herewith or as soon as practicable OR ☐ *Not applicable*; and it is further

32  **ORDERED AND ADJUDGED** that, ☐ *pursuant to this Court's direction* OR ☐ *pursuant to the parties' agreement,* this Court shall issue an income deduction order simultaneously herewith OR ☒ *Not applicable*; and it is further

33  **ORDERED AND ADJUDGED** that both parties are authorized to resume the use of any former surname, and it is further

34  **ORDERED AND ADJUDGED** that ☒ *Plaintiff* OR ☐ *Defendant* is authorized to resume use of the prior surname __YOLANDA CASTANOS__.

35  **ORDERED AND ADJUDGED** that ☒ *Plaintiff* OR ☐ *Defendant* shall be served with a copy of this judgment, with notice of entry, by the ☐ *Plaintiff* OR ☐ *Defendant,* within __20__ days of such entry, and file affidavit of said service with the Co

36  Dated: 3/19/04

MAXINE L. ARCHER
SPECIAL REFEREE

_____
J.S.C./Referee

_____
CLERK

(Form UD-11 - Rev. 5/99)